## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| CLAUDIA B. ESCALANTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CV-368-KC |
| | § | |
| ERIC HOLDER, JR., ATTORNEY | § | |
| GENERAL, U.S. DEPARTMENT OF | § | |
| JUSTICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's "Motion for Extension of Time" ("Motion"),

ECF No. 48, in the above-captioned cause. Upon due consideration, the Court hereby **GRANTS**

the Motion.

## I.      BACKGROUND

On April 20, 2011, the Court granted Defendant's motion for summary judgment on all of

Plaintiff's claims. Order, ECF No. 44. On the same day, the Court entered final judgment. J. in

a Civil Action, ECF No. 45. On June 20, 2011, Plaintiff filed the instant Motion seeking an

extension of time to file her Notice of Appeal because her counsel had withdrawn and she was

seeking new counsel. Mot. 2.

## II.      DISCUSSION

### A.      Standard

A district court may extend the time to file a notice of appeal if "a party so moves no later

than 30 days after the time prescribed by this Rule 4(a) expires" and if "the party shows

excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii); *Dunn v. Cockrell*, 302 F.3d

491, 492 (5th Cir. 2002).  The Supreme Court has established four factors in determining

whether a party's actions constitute excusable neglect: (1) the danger of prejudice to the non-

moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the

reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395 (1993).  The Fifth Circuit has held that the test for excusable neglect

established in *Pioneer* applies to determining excusable neglect for purposes of Federal Rule of

Appellate Procedure 4(a)(5)(ii).  *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir.

1998).

**B.**     **Analysis**

Plaintiff requests an extension because her counsel withdrew and, as of the date of this

Order, she is in search of replacement counsel.  Mot. 2.

Plaintiff's Motion for an extension of time to file a Notice of Appeal was timely filed.

Plaintiff had sixty days from the date of the final judgment to file a notice of appeal.  Fed. R.

App. P. 4(a)(1)(B).  The final judgment was entered on April 20, 2011, so Plaintiff's deadline to

file her Notice of Appeal was June 20, 2011.  A motion for an extension of time to file a Notice

of Appeal must be filed within thirty days thereafter.  Fed. R. App. P. 4(a)(5)(A)(i).  Therefore,

Plaintiff had to file the Motion by July 20, 2011.  She filed the Motion on June 20, 2011, well

before the July 20, 2011 deadline.  *See id.*

Next, the Court considers whether Plaintiff has established excusable neglect.  First, the

Court considers the danger of prejudice to the government.  *See Pioneer*, 507 U.S. at 395.

Plaintiff filed the Motion well before her time to do so expired; the government has sufficient

notice of Plaintiff's intention to appeal this Court's judgment and will not suffer any prejudice

should the Court grant the Motion.  Second, the Court considers the length of delay and its potential impact on judicial proceedings.  *See id.*  Given the promptness of Plaintiff's Motion, there is minimal delay and thus minimal impact on judicial proceedings.  Third, the Court considers the reason for the delay, including whether it was within the reasonable control of Plaintiff.  *See id.*  Plaintiff seeks an extension due to her counsel withdrawing from the case.  Mot. 2.  Her counsel's decision to withdraw is not within Plaintiff's control, so her request for an extension while she attempts to obtain new counsel is reasonable.  Last, the Court considers whether Plaintiff acted in good faith.  *See id.*  Considering both that Plaintiff has asserted that she is currently in search of a new attorney and the timeliness of the Motion, the Court finds that Plaintiff has acted in good faith.

Therefore, the Court finds that Plaintiff has filed the Motion timely and has established excusable neglect.  The Court may grant an extension up until thirty days after the prescribed time or fourteen days after the date of this Order, whichever is later.  Fed. R. App. P. 4(a)(5)(C).  Therefore, the Court **GRANTS** the Motion, and Plaintiff shall submit her Notice of Appeal no later than **Wednesday, July 20, 2011**.

III.    **CONCLUSION**

For the foregoing reasons, the Motion, ECF No. 48, is **GRANTED.**

**SO ORDERED**.

**SIGNED** on the 23rd  day of June, 2011.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE